### Sam Mason *et al.* v. The State.

1. Conspiracy—Infant Witness.—The rulings in *Brown* v. *The State, ante,* p. 115, respecting indictments for conspiracies to commit offenses, and pertinent to the testimony of children, are approved, and applied to the present case.

2. Evidence—Quære.—Is an infant who is below the age of penal accountability capable of being an "accomplice" within the meaning of Article 653 of the Code of Criminal Procedure, which requires corroboration of testimony of accomplices ? Pasc. Dig., Art. 3118.

3. Penalty for Conspiracy to Commit Burglary.—Since the passage of the act of October 26, 1871, amendatory of the Penal Code (2 Pasc. Dig., p. 1338), the penalty for conspiracy to commit burglary has been not less than two nor more than two and a-half years' confinement in the penitentiary.

Appeal from the District Court of Harrison. Tried below before the Hon. A. J. Booty.

For a statement of this case see that of *Peter Brown* v. *The State, ante,* p. 115.

The law of Texas provides that no person can be convicted

of any offense committed before he was of the age of nine years.    Pasc. Dig., Art. 1638.

*McAdoo & Russell*, for the appellants.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J.    This is another branch of the case of *Peter Brown* v. *The State*, *ante*, p. 115, and is upon the same indictment, a severance being had on the trial, and the said Peter Brown having been tried and convicted, and having prosecuted an appeal.    The two branches of the case being on one indictment, dependent upon the same state's witnesses, and having been tried before the same judge and at the same term of the court, all the circumstances surrounding the two branches of the case, as shown by the two records before us, are such that the investigation and decision of the one must necessarily dispose of the other, the defenses resting, as they do in the main, upon the same foundation.

In Peter Brown's branch of the case we had occasion carefully to consider every material proposition involved in this branch of the case, so far as we have been able from the record in this to determine what questions are involved here ; and, to the extent that the questions are identical, the decision of that is equally applicable to this.

A very material, if not the most material, question involved in the two branches of the case arises, first, as to the admissibility, and, secondly, as to the legal effect, of the testimony of a witness for the state, named Doc Saunders, who was permitted to testify over the objections of counsel for the accused.    The nature of the objections is stated in a bill of exceptions, and will appear from the following extract from the bill of exceptions :

    " The state called a witness by the name of Doc Saun-
    13

ders to prove the conspiracy. The defendant objected to this witness testifying, on the ground that said witness, after being examined on his *voir dire*, swore that he was only seven years of age, and on being further examined he said ' that if he swore a lie the bad man would get him ;' witness ' said he meant the devil ;' ' and that he would go to Huntsville,' witness saying he meant by that that he would go to the ' penitentiary.' "

There was no error in permitting the testimony to go to the jury, and it could not have prejudiced the rights of the accused, under the charge of the court, as we shall see presently.

The question as to the effect of this testimony arises from the fact that it is shown by the evidence of this witness that he was, so far as he could be, a participant in the perpetration of the crime for which the accused was then on trial, and on this subject the jury were properly instructed. The following charges bearing upon the testimony of the witness Doc Saunders were given to the jury, at the request of the counsel for the accused :

" You are instructed that you are the sole judges of the truth of the testimony of any witness. You can take into consideration his age, experience, and all other matters in your judgment likely to affect the truth and correctness of the witness' testimony ; but you are further instructed that, before you can convict the defendants upon the testimony of the witness Saunders, you must find that it is corroborated by other testimony tending to convict the defendants."

That portion of this charge which relates to the youth of this witness, whether strictly correct or not, certainly tended to place prominently before the jury the fact that they were permitted to take his age into consideration in determining what weight they would give to it ; and as to the portion of the charge by which the jury were told they could not convict on the uncorroborated testimony of the boy, Saunders,

whether the witness was an accomplice or not, or whether a boy of seven years of age could be an accomplice or not (and which we do not here decide, nor is it necessary we should decide), still it must be evident that the accused had all the benefits which could have inured to them from the fact that he was an accomplice, by the jury being instructed that, before they could convict upon his testimony, they must find that his testimony was corroborated by other testimony tending to convict the defendant. It may not be amiss to notice in this connection that throughout the trials of both branches of this case this boy witness was treated as an accomplice, and not otherwise.

Another charge is shown by a bill of exceptions to have been asked by defendant's counsel, which was refused, which embraced two propositions—one with regard to the corroboration of the witness Doc Saunders, and the other as to the subject of reasonable doubt. In this we find no error—not that the charges asked were incorrect, but because they were substantially given in the charge already quoted, as to the necessity of corroborating the witness Saunders by other testimony, and because the substance of the other proposition is embraced in the concluding paragraph of the general charge of the court, as follows:

"Every defendant in a criminal cause is presumed to be innocent until his guilt is established by legal evidence, and, if you have a reasonable doubt of their guilt, you will find them not guilty."

The charge was, in other respects, a fair and impartial one, and as favorable to the rights of the accused as the testimony warranted. It was the law applicable to the case as made by the evidence.

There can be no uncertainty as to the punishment fixed by law for the crime of conspiracy. By the amendment to the Penal Code of October 26, 1871 (2 Pasc. Dig., p. 1338), it is provided that a conspiracy to commit murder shall be

punished by confinement in the penitentiary for a period of not less than two years nor more than ten years.

Conspiracy to commit any one of the offenses of robbery, arson, burglary, rape, or theft are liable to half the punishment affixed by law to the commission of the offense intended to be committed by the parties charged with the conspiracy; provided, that in no case the punishment by confinement in the penitentiary shall be for a less time than two years.

The punishment affixed by law to the offense of burglary from a house other than a dwelling-house, as defined in the Code, is by confinement in the penitentiary not less than two years nor more than five years. By the proviso to Article 6581 the minimum punishment, when in the penitentiary, is fixed at two years for conspiracy, and, by Article 2366, the maximum is fixed for burglary from a house other than a dwelling-house at five years. So that the punishment for the offense here charged was properly fixed by the court, in its charge to the jury, at not less than two years nor more than two years and six months' confinement in the penitentiary.

Referring again to the opinion in *Brown* v. *The State*, for a discussion of propositions involved in this branch of the case, we say, in conclusion, that we find no error in the proceedings which would warrant a reversal of the judgment rendered below. It is, therefore, affirmed.

*Affirmed.*